UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

```
IN RE:                        )
                              )
Kenneth Michael Dillon,       )      Case No. 05-10428C-7D
                              )
          Debtor.             )
                              )
```

MEMORANDUM OPINION

This case came before the court on June 7, 2005, for hearing on the Trustee's objection to the Debtor's claim of property exemption with respect to the proceeds payable under a policy of disability insurance.  Stephen D. Ling appeared on behalf of the Debtor and Everett B. Saslow, Jr. appeared on behalf of the Trustee.

FACTS

When this case was filed, the Debtor owned a policy of disability insurance under which the insurer was paying the Debtor benefits of $2,262.00 per month as a result of the Debtor's inability to work.  The policy provides that such payments are to continue for as long as the Debtor remains totally disabled, subject to termination when the Debtor reaches 65 years of age. The Debtor has remained disabled and the insurer has continued to make monthly payments under the policy.

The Debtor claimed the monthly disability payments under the disability policy as exempt property pursuant to N.C. Gen. Stat.

§ 1-362[1], describing the payments as "Disability Insurance payments to debtor to replace lost wages."  The Trustee objected to the Debtor's claim for property exemption on the grounds that proceeds of the disability policy are not encompassed by N.C. Gen. Stat. 1-362 and may not be claimed as exempt property under that statute.

ANALYSIS

N.C. Gen. Stat. § 1-362 creates an exemption for:

> [T]he earnings of the debtor for his personal services, at any time within 60 days next preceding the order . . . when it appears, by the debtor's affidavit or otherwise, that these earnings are necessary for the use of a family supported wholly or partly by his labor.

The type of property that may be protected under this statute consists of "earnings" of a debtor from "personal services" provided by the debtor during the period specified in the statute.

The threshold question presented in this case is whether the monthly payments payable to the Debtor pursuant to the disability policy constitute "earnings" of the debtor for "personal services"

---

[1]The property that may be exempted by a debtor in a bankruptcy case is controlled by Section 522(d) of the Bankruptcy Code unless the state in which the bankruptcy court is located has opted out of Section 522, in which event the property that may be claimed as exempt is controlled by state law.  North Carolina, in N.C. Gen. Stat. § 1C-1601(f), has opted out of Section 522(d).  As a result, the Debtor was required to base his claim for exemptions upon North Carolina law and could not claim the federal exemption for private disability insurance proceeds which is available under Section 522(d)(10)(E) of the Bankruptcy Code.  See, e.g., In re Wegrzyn, 291 B.R. 2 (Bankr. D. Mass. 2003)(discussing the federal exemption for private disability insurance proceeds).

provided by him.  In considering this question, this court must liberally construe N.C. Gen. Stat. § 1-362 in favor of the exemption.  Elmwood v. Elmwood, 244 S.E.2d 668, 678 (N.C. 1978). However, this general rule of liberal construction is not a license to re-write an exemption statute in order to create an exemption that is outside the language of the statute.  In re Geise, 992 F.2d 651, 656 (7th Cir. 1993)("Nevertheless, this general principle of liberal construction cannot be employed to write exemptions into statutes.").

"Earnings . . . for personal services" is not a term that is defined in N.C. Gen. Stat. § 1-362.  In such a situation, it is appropriate for the court to give the words of the statute their commonly accepted meaning.  Geise, 992 F.2d at 658; Anderson v. Babb, 632 F.2d 300, 308 (4th Cir. 1980).  The word "earnings" is commonly understood to mean "money gained by labor, services, or performance" or "money made by an investment on an enterprise; profit."  Webster's New Twentieth Century Dictionary, 569 (2nd ed. 1972).

Based upon the commonly understood meaning of "earnings" and the fact that N.C. Gen. Stat. § 1-362 explicitly refers to earnings for personal services, the court concludes that § 1-362 cannot be used to exempt the disability insurance payments at issue.  Such payments result from a contractual right to payment based on the happening of a fortuitous event that falls within the

scope of an insured risk and are paid as a result of nonperformance rather than performance of services.  Such payments simply do not constitute earnings from personal services or labor performed by the Debtor.  E.g., Stinnett v. LaPlante (In re Stinnett), 321 B.R. 477, 482 (S.D. Ind. 2005)(holding that disability insurance payments are for unperformed services and therefore do not constitute "earnings from services performed"); Blaess v. Commissioner, 28 T.C. 710, 716-17 (T.C. 1957)(stating that disability insurance payments "are to compensate for petitioner's loss of earnings, and to replace them, during a period of disability when petitioner would become unable to render the personal services through which he receives income."); Elmwood v. Elmwood, 244 S.E.2d 668, 675 (N.C. 1978)("We conclude that this defendant's disability payments are not 'remuneration for employment'. . . ."). See also In re Andrews, 80 F.3d 906 (4th Cir. 1996)(payments to a debtor pursuant to non-competition agreement do not constitute "earnings from personal services").

The Debtor cites Jacobi-Lewis Co. v. Charco Enters., 466 S.E.2d 338 (N.C. Ct. App. 1996), an opinion in which the North Carolina Court of Appeals found that future rental payments are "earnings of the debtor for his personal services" within the context of N.C. Gen. Stat. § 1-362 and disallowed a supplemental proceeding which sought to apply the rents in satisfaction of a

- 4 -

judgment held by the plaintiff.[2]   The Debtor argues that the decision in Jacobi-Lewis should be extended to future disability insurance payments in order to bring such payments within the exemption created by § 1-362.  Debtor's argument is not accepted.

The North Carolina Court of Appeals is an intermediate appellate court.  Although the holding of an intermediate appellate court carries great weight to a federal court applying state law, the federal court is directed to look at how the highest court in a state would interpret state law and is not necessarily bound to follow the decisions of the intermediate state courts.  Fidelity Union Trust Co. v. Field, 311 U.S. 169, 178 (1940)("The highest state court is the final authority on state law, but it is still the duty of the federal courts, where the state law supplies the rule of decision, to ascertain and apply that law even though it has not been expounded by the highest court of the State.  An intermediate state court in declaring and applying the state law is acting as an organ of the State and its determination, in the absence of more convincing evidence of what the state law is, should be followed by a federal court in deciding a state

---

[2]There would seem to be little practical justification for the court's strained interpretation of § 1-362.  The recordation of the plaintiff's judgment created a judicial lien against the real property subject to the lease.  Nothing would prevent the judgment creditor from enforcing its judicial lien against that real property through a sheriff's execution sale.  It seems incongruous that a judgment creditor could force the sale of the underlying real property but is not permitted to levy upon the ongoing rental payments.

question.")(citations and footnote omitted); Jones v. Liberty

Mutual Ins. Co. (In re Wallace & Gale Co.), 385 F.3d 820, 830-31

(4th Cir.)("'[W]here an intermediate appellate state court rests

its considered judgment upon the rule of law which it announces,

that is a datum for ascertaining state law which is not to be

disregarded by a federal court unless it is convinced by other

persuasive data that the highest court of the state would decide

otherwise.'")(citation omitted).  After reviewing the opinion in

the Jacobi-Lewis case, this court is convinced that the opinion

strays too far from the language of N.C. Gen. Stat. § 1-362, is

inconsistent with other North Carolina precedent and would not be

followed by the North Carolina Supreme Court.  This court therefore

declines to extend the reasoning of Jacobi-Lewis to the disability

insurance payments involved in this case.

 After observing that in Motor Finance Co. v. Putnam, 50 S.E.2d

670 (N.C. 1948), the North Carolina Supreme Court had ruled that

the prospective earnings of a judgment debtor are hypothetical and

are neither property nor a debt that could be attached by a

judgment creditor, the Court of Appeals in Jacobi-Lewis concluded

that "future rental payments are analogous to future earnings."

Although acknowledging that "the amount [of lease payments]

expected is definite and ascertainable," the court observed that

"the receipt of the lease payments is neither certain nor

quantifiable for purposes of classifying the anticipated payments

as property."  466 S.E.2d at 339 (emphasis in original).  These
observations led the court to conclude, without any supporting
authority, that "rental payments expected to be received in the
future are earnings, not property, due the debtor for purposes of
applying N.C.G.S. § 1-362."  Id.  This Court believes that this
reasoning and the resulting conclusion of the court is flawed and
erroneous and would not be approved by the North Carolina Supreme
Court.

It first should be observed that the opinion of the North
Carolina Supreme Court in Putnam dealt only with the prospective
wages of an at-will employee and provides no support for concluding
that rents or other payments that come due under a legally
enforceable lease or other contract do not constitute a property
interest or should be treated as "earnings" from the "personal
services" of a lessor.  In fact, the opinion in Jacobi-Lewis does
not mention and seems to overlook or ignore the requirement under
§ 1-362 that the earnings that may be exempted be earnings from the
"personal services" of the judgment debtor.

The opinion in Jacobi-Lewis articulates no plausible theory
for equating rents to earnings from the personal services of a
judgment debtor.  The definition of "rent" is "[c]onsideration
paid, usu. periodically, for the use or occupancy of property."
Black's Law Dictionary 1322 (8th ed. 2004).  In contrast a
"personal service," as the term is used in the statute, means "an

economic service involving either the intellectual or manual personal effort of an individual, as opposed to the salable product of the person's skill." Id. at 1180.  The exemption contained in § 1-362, however, is not defined merely as "personal services," it is further qualified in that the amount exempted must be "earnings," which means that the sum exempted must have been "acquir[ed] by labor, service, or performance."[3]  Id. at 547. Thus, a rental payment, in its commonly understood meaning, is the receipt of income for allowing another to use one's property; rent is payable based solely on a superior right of possession – not on the particular intellectual or manual labor, service, or performance by the owner.

The opinion in Jacobi-Lewis also appears inconsistent with North Carolina Supreme Court precedent.  North Carolina law has long recognized that a contractual right to receive rent payments in the future is a present property right that may be assigned. Standard Amusement Co. v. Tarkington, 101 S.E.2d 398, 403-04 (N.C. 1958)("It is well settled law in this jurisdiction that when plaintiff . . . became the assignee of this lease, a non-negotiable

---

[3] In the context of a workers' compensation claim, "earnings include any cash, wages or salary received from self-employment or from any employment other than the employment where you were injured.  Earnings also include commissions, bonuses, and the cash value for all payments received in any form other than cash (e.g., a building custodian receiving a rent-free apartment)."  4 N.C. Admin. Code 10A.0902.  See also N.C. Work. Comp. Art. IX, Rule 902 (same).

chose in action, it took it subject to any set-off or other defense which the lessees may have had against its assignors based on facts existing at the time of, or before notice of, the assignment, even though it bought it for value, and in good faith."). While the ultimate value that will be realized from an assignment of future rents is not certain, the obligation of the lessee to pay those rents is fixed and certain upon the execution of the lease and hence assignable. Additionally, although the North Carolina Supreme Court has not squarely addressed the issue under state law, in Elmwood, 244 S.E.2d at 675, the Court considered the effect of a federal statute which permitted state law garnishment of the salaries of federal employees under the circumstances described in the statute. The federal statute specifically granted a state the right to bring legal process against "monies (the entitlement to which is based upon the remuneration for employment) due from, or payable by, the United States" to members of the military. (Emphasis supplied.) Id. The question presented in Elmwood was "[w]hether or not the monthly payments which the defendant is entitled to receive from the United States are 'remuneration for employment.'" Id. Not finding any federal authority on the issue, the Court, based upon its own reasoning, ruled that disability payments did not constitute "remuneration for employment" and compared disability payments to payments made under the Workers' Compensation Act. Id. Based on this determination that disability

payments are not "remuneration for employment," it seems unlikely that the Supreme Court of North Carolina would find that disability insurance payments are "earnings of the debtor for his personal services" in construing N.C. Gen. Stat. § 1-362.

CONCLUSION

For the foregoing reasons, the court concludes that the monthly payments under the disability insurance policy that was owned by the Debtor when this case was filed may not be claimed as exempt property under N.C. Gen. Stat. § 1-362.  Accordingly, the Trustee's objection shall be sustained and the Debtor's claim that such payments are exempt property shall be disallowed.  An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

PARTIES TO BE SERVED


Stephen D. Ling, Esq.
706 Green Valley Road
Suite 505
Greensboro, NC 27408

Kenneth Michael Dillon
4345-A Edith Lane
Greensboro, NC 27409

Everett B. Saslow, Jr., Trustee